UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRENDAN KIRBY, | ) |
| Petitioner, | ) ) ) |
| vs. | ) ) Case No. 1:14-cv-01723-WTL-DML |
| SUPERINTENDENT NEW CASTLE CORRECTIONAL FACILITY, | ) ) ) ) |
| Respondent. | ) |

**Entry Discussing Petition for Writ of Habeas Corpus**

The petition of Brendan Kirby for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. NCF 14-07-0064. For the reasons explained in this Entry, Kirby's habeas petition must be **denied**.

**Discussion**

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

### B. The Disciplinary Proceeding

On July 2, 2014, a Report of Conduct was issued that charged Kirby with possession, introduction or use of any unauthorized controlled substance. The Conduct Report states:

> The following Conduct Report has been issued to Offender Kirby, Brendan #243065 for use of any unauthorized substance pursuant to the laws of the State of Indiana, as defined in the Adult Disciplinary Policy. On 6/23/14, Offender Kirby, Brendan #243065 submitted his own urine for a full 8 panel drug screen. The Chain of Custody was followed and the sealed specimen was sent to Alere Toxicology Services, Inc., for a full screening, with confirming test performed.
>
> Lab reports received on 07/02/2014 clearly indicate the presence of Suboxone in the urine of Offender Kirby, Brendan #243065. Based upon the results from Alere Toxicology Services, Inc., I am confident that Offender Kirby, Brendan #243065 did violate code 202-B, of the Adult Disciplinary Policy.

Kirby acknowledged receiving a copy of the Report of Conduct. He did not call any witnesses or request any evidence.

In the Report of Disciplinary Hearing dated July 8, 2014, Kirby provided the following comment, "I was drug tested in C-Unit, I am not a drug user. That is not my sample- it tested negitive [sic] then they sent it to the lab. There is no specimen ID# or chain of custody form."

The hearing officer found Kirby guilty based on the Report of Conduct, evidence, and offender statement. The sanctions imposed included a 30-day phone and commissary restriction, restitution of $48.08 for the cost of the test, deprivation of 45 days of earned credit time, demotion from credit class I to credit class II. The hearing officer imposed the sanctions because of the seriousness and nature of the offense and the degree to which the violation endangered the security of the facility.

Kirby submitted an appeal to the facility, which was denied on July 30, 2014. Kirby then appealed to the Final Reviewing Authority, which was also denied on August 29, 2014. Kirby filed his Petition for Writ of Habeas Corpus on October 21, 2014.

### C. Analysis

Kirby brings a petition for habeas relief on the grounds that A) proper chain of custody forms were not used; B) the specimen could not be matched to him; and C) his preliminary test was negative.

The respondent argues that each of these grounds for relief essentially challenges the sufficiency of the evidence and that the Conduct Report alone provides "some evidence" of guilt. In addition, the hearing officer considered the test results from the urine sample, both the negative preliminary and the positive final results. Further, the respondent argues that the chain of custody was adequately established. The Report of Conduct specifically states that the chain of custody was preserved and the specimen was sealed when it was sent to the facility. There is no evidence to suggest that chain of custody was somehow broken. As for his claim that the specimen could not be matched to him, it likewise fails. The specimen tested by Alere Toxicology was labeled with Kirby's name and IDOC number. It is irrelevant that there was no identification number listed with the preliminary results. The specimen was adequately identified as belonging to Kirby for purposes of the disciplinary hearing and the guilty finding.

This Court agrees with the respondent that there was sufficient evidence to find Kirby guilty of use of a controlled substance. The "some evidence" standard is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). A rational adjudicator could readily conclude from the content of the conduct report and laboratory test results [dkt. 6-4] that Kirby was guilty of use of a controlled substance. *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the . . . [conduct board's] decision only if no reasonable adjudicator could have found . . . [the petitioner] guilty of the offense on the basis of the evidence

presented"), *cert. denied,* 115 S. Ct. 314 (1994); *see also Hill*, 472 U.S. at 457 ("The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board.").

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Kirby to the relief he seeks. Accordingly, Kirby's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 11/20/15

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

BRENDAN KIRBY
243065
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

All Electronically Registered Counsel